**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3487
_____

WINSTON SEYMOUR MCFARLANE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-417-373)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2012
Before:  SCIRICA, GREENAWAY, JR., and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 20, 2012)
_____

OPINION
_____

PER CURIAM

Winston McFarlane petitions for review of a decision by the Board of Immigration

Appeals.  For the reasons below, we will deny the petition for review.

McFarlane entered the United States in June 2008 as a visitor.  After marrying a

citizen, he became a lawful permanent resident in June 2009.  In June 2010, McFarlane

pleaded guilty to conspiracy to distribute 100 kilograms or more of marijuana. He was charged as removable for having committed an aggravated felony, a crime involving moral turpitude, and a controlled substance offense. McFarlane conceded removability as to all three charges and applied for deferral of removal under the Convention Against Torture (CAT). A.R. at 118-19. He argued that the families of his co-defendants would seek retribution against him if he were removed to Jamaica because he had cooperated with the prosecution. After a hearing, an Immigration Judge (IJ) denied relief. He concluded that McFarlane had not shown that the Jamaican government would acquiesce in any torture. McFarlane filed a counseled appeal with the Board of Immigration Appeals (BIA). The BIA dismissed the appeal. It concluded that McFarlane had not shown that it was more likely than not that he would be tortured in Jamaica. McFarlane filed a pro se petition for review.

To be eligible for deferral of removal under the CAT, McFarlane must demonstrate that it is more likely than not that he would be tortured if removed to Jamaica. 8 C.F.R. § 1208.16(c)(2). For an act to constitute torture, it must be: "(1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for an illicit or proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions." Auguste v. Ridge, 395 F.3d 123, 151 (3d Cir. 2005) (citing Matter of J-E-, 23 I. & N. Dec. 291, 297 (BIA 2002)).

2

In his brief, McFarlane argues that the government of Jamaica will be unable to protect him if he is removed. He asserts that no evidence was offered that Jamaica could protect him and that he provided enough evidence that it could not. However, because McFarlane is an aggravated felon, we lack jurisdiction to review the denial of his claims for relief except for legal and constitutional claims. See 8 U.S.C. § 1252(a)(2)(C)&(D). Moreover, the only issue McFarlane exhausted before the BIA in his counseled appeal was whether the IJ used the correct standard for determining governmental acquiescence to torture. We agree with the BIA that the IJ applied the correct standard. See Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 69 (3d Cir. 2007).

McFarlane requests that we apply our recent decision in Garcia v. Attorney General, 665 F.3d 496 (3d. Cir. 2011), to his petition. In Garcia, we concluded that the BIA's factual findings supporting the denial of the petitioner's applications for asylum and withholding of removal were not supported by substantial evidence. Here, as noted above, we lack jurisdiction to review the BIA's factual findings regarding McFarlane's CAT claim. Thus, our decision in Garcia does not help McFarlane.

For the above reasons, we will deny the petition for review.